**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4617**

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RONNIE WILTON FAIR,

                              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-04-96-FWB)

Submitted:  June 21, 2006         Decided:  August 14, 2006

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C.,
Baltimore, Maryland, for Appellant.  Anna Mills Wagoner, United
States Attorney, Michael A. DeFranco, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Ronnie Wilton Fair was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000) ("Count One"), possession with intent to distribute approximately one kilogram of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2000) ("Count Two"), and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (2000) ("Count Three"). Fair challenges the district court's denial of his motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and his sentence. Finding no error, we affirm Fair's conviction and sentence.

We review the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We consider both circumstantial and direct evidence, "and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Further, on appellate review, we "may not weigh the evidence or review the

credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

To establish a violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive but may be joint, and "may be established by direct or circumstantial evidence." Id.; United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). This court has held that "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges." United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980) (internal quotations and citation information omitted). Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption. Wright, 991 F.2d at 1187.

We note as an initial matter that the parties stipulated to Fair's prior felony conviction, the weight of the cocaine

recovered, and that the firearm at issue traveled in interstate commerce. Taken in the light most favorable to the Government, the record establishes the following additional facts.

A Drug Enforcement Agent from Los Angeles, California, informed law enforcement officials in Greensboro, North Carolina, that the DEA intercepted a package mailed by Dawn Headen, a Greensboro resident, that contained over $16,000 cash. Detective Jon Marsh, accompanied by Detective Herb Sampson, went to Ms. Headen's apartment to investigate. Ms. Headen lived on the second floor of a three-story building. Although Ms. Headen initially allowed the detectives in her apartment, after Det. Sampson requested permission to conduct a protective sweep, Ms. Headen insisted the remainder of the interview be conducted in the parking lot downstairs; the officers complied, and the three descended the front stairs to the parking lot.

While Det. Marsh interviewed Ms. Headen, Det. Sampson patrolled the area, keeping watch on the apartment. Det. Sampson saw an individual later identified as Fair exit Ms. Headen's apartment. Det. Sampson followed Fair down the building's back stairs, observing that Fair appeared to be using his body to hide something he carried in his hands. Det. Sampson saw Fair walk around to the back of the building, and followed him. At this point, Det. Sampson nearly collided with Fair because Fair was already returning from the back of the building. Det. Sampson

could see that Fair was no longer holding anything. Minutes later, Det. Sampson investigated the area and recovered a plastic bag containing .992 grams of cocaine hydrochloride hidden in a shrub. Det. Sampson also discovered a cellular telephone near the cocaine, which was later traced to Fair's sister, who bought the phone for Fair.

While examining the area behind the building, Det. Sampson observed several objects being thrown out of a window located inside Ms. Headen's apartment. Fair exited the apartment shortly thereafter. A subsequent search of the shrub directly beneath Ms. Headen's apartment yielded a set of digital scales and the firearm, wrapped in a T-shirt. Shortly after discovering the cocaine and the firearm, Ms. Headen consented to a search of her apartment, which was then unoccupied.

Viewing this evidence in the light most favorable to the Government, a rational trier of fact could conclude Fair both possessed the recovered firearm and possessed with intent to distribute the large quantity of cocaine found outside Ms. Headen's apartment. Therefore, we find the jury's unanimous verdict was supported by substantial evidence.

Turning to Fair's assignments of error related to his sentence, we review for plain error because Fair did not raise these issues below. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th

Cir. 2002). Under the plain error standard, Fair must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

Fair first argues the district court erred in sentencing him pursuant to the Armed Career Criminal Act ("ACCA"). A defendant with three prior convictions for serious drug offenses committed on separate occasions is subject to treatment as an armed career criminal. See 18 U.S.C. § 924(e)(1) (2000). Though the statute does not define "committed on occasions different from one another[,]" this court considers three factors in determining whether offenses occurred on the same occasion and thus should count as only one predicate offense: "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." United States v. Letterlough, 63 F.3d 332, 335-36 (4th Cir. 1995) (footnotes omitted). A conviction is considered to have

"occur[red] on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." Id. at 335 (internal quotation marks and citation omitted). Separate offenses are not made related simply because the offenses were consolidated for sentencing or the defendant received concurrent sentences. United States v. Breckenridge, 93 F.3d 132, 137-38 (4th Cir. 1996) (citations omitted); United States v. Rivers, 929 F.2d 136, 140 (4th Cir. 1991).

A review of Fair's criminal history demonstrates that he had the requisite three prior convictions for serious drug offenses. On November 18, 1992, Fair was convicted in North Carolina state court on two counts of felony possession with intent to sell or deliver cocaine, and sentenced to five years' imprisonment. The two counts arose from Fair's sale of narcotics on January 16, 1992, and July 31, 1992. The convictions are not related solely because they were consolidated for sentencing because there was no formal order consolidating the cases. United States v. Allen, 50 F.3d 294, 297-98 (4th Cir. 1995). Fair's third qualifying offense occurred on June 6, 1995, when he was convicted of, among other offenses, felony possession of cocaine and sentenced to fifteen years' imprisonment. Thus, the district court did not err in sentencing Fair pursuant to the ACCA.

Lastly, Fair asserts that the career offender guideline, USSG § 4B1.1 (2004), violates the Equal Protection Clause. Fair

argues that, because a criminal conviction that predates a defendant's eighteenth birthday will be counted as a predicate offense in some instances but not in others, depending on the underlying state law, the guideline runs afoul of the Equal Protection Clause. We have categorically rejected such equal protection challenges to the career offender guideline before, and see no reason to deviate from our prior holdings here. United States v. Fonville, 5 F.3d 781, 785 (4th Cir. 1993). Thus, we find this claim to be meritless.

For the foregoing reasons, we affirm Fair's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED