NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2009
Decided November 6, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1737

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 05-CR-101 |
| JUBALI D. STOKES, | |
| *Defendant-Appellant.* | William C. Griesbach, |
| | *Judge.* |

**O R D E R**

Jubali Stokes pleaded guilty to conspiracy to distribute crack. *See* 21 U.S.C. §§ 846, 841(a)(1). Before sentencing, the government filed an information stating that Stokes had previously been convicted in Illinois for possessing 15 to 100 grams of cocaine, a crime defined by state law as a felony and punishable by up to 15 years' imprisonment. *See* 720 ILL. COMP. STAT. 570/402(a)(2)(A). The district court thus sentenced him to 20 years' imprisonment, the mandatory minimum for an offender with a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A). Stokes appeals, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he concludes that the appeal is frivolous. We review only the potential issues identified in counsel's facially adequate brief and Stokes's response under Circuit Rule 51(b). *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Stokes could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy, but Stokes has not stated in his Rule 51(b) submission or elsewhere that he wants his guilty plea set aside, so counsel should have omitted this discussion. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel and Stokes both consider whether Stokes could challenge the imposition of a 20-year mandatory minimum prison sentence. In his Rule 51(b) response, Stokes tells us that he received probation for his state drug offense and asserts that it therefore does not count as a "prior conviction for a felony drug offense" for purposes of § 841(b)(1)(A). But Stokes did not file a written objection to the information as required by 21 U.S.C. § 851(c), and his counsel correctly conceded at sentencing that the conviction "clearly is a felony in Illinois, and it clearly is punishable under Illinois [law] by more than one year." Regardless, the argument is frivolous because a drug offense need only be punishable by imprisonment for more than one year to qualify as a felony, 21 U.S.C. § 802(44); *Burgess v. United States*, 128 S. Ct. 1572, 1577 (2008), and a sentence of probation does not affect that classification, *see United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003).

Counsel does not contemplate an attack on the felony classification but considers instead whether Stokes might challenge § 841(b)(1)(A) more generally on equal-protection grounds, as he did in the district court. Counsel proposes arguing that the statute invites unwarranted sentencing disparity because the same first-offense conduct—in this case, drug possession—might be punishable by more than a year in one state (and thus a felony) but less than a year in another, and only the defendant convicted in the state with the harsher, felony penalty would be subject to a mandatory minimum sentence. But we agree with counsel that the argument is frivolous because it is well-established that Congress acts rationally, and therefore does not violate equal protection, when it incorporates state law into a federal sentencing scheme, even when there are differences among the states. *See, e.g., United States v. McKissick*, 204 F.3d 1282, 1301-02 (10th Cir. 2000); *United States v. Lender*, 985 F.2d 151, 156-57 (4th Cir. 1993); *United States v. Curtis*, 965 F.2d 610, 614-15 (8th Cir. 1992); *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976); *United States v. Schwartz*, 398 F.2d 464, 467 (7th Cir. 1968).

Finally, Stokes argues in his Rule 51(b) response that the district court should have considered the sentencing guidelines' crack/powder-cocaine disparity when fashioning his sentence. But the argument is misguided because the court was statutorily constrained from sentencing Stokes below the mandatory minimum. *See Kimbrough v. United States*, 128 S.Ct. 558, 574 (2007); *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.