**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOHN ERVIN TITLEY,

      Defendant - Appellant.

No. 13-6245

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:13-CR-00082-D-1)**

---

William P. Early, Assistant Federal Public Defender, Office of the Federal Public Defender for the Western District of Oklahoma, Oklahoma City, Oklahoma, appearing for Defendant-Appellant.

Steven W. Creager, Special Assistant United States Attorney (Sanford C. Coats, United States Attorney and Ashley L. Altshuler, Assistant United States Attorney, with him on the brief), Office of the United States Attorney for the Western District of Oklahoma, Oklahoma City, Oklahoma, appearing for Plaintiff-Appellee.

---

Before **MATHESON, PHILLIPS**, and **MORITZ**, Circuit Judges.

---

**MATHESON**, Circuit Judge.

---

## I.  BACKGROUND

The Armed Career Criminal Act ("ACCA") requires a minimum mandatory 15-year sentence for a defendant who has (1) been convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and (2) previously been convicted at least three times in state or federal court of a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1).

This case concerns an equal protection challenge to the provision in the ACCA that defines a "serious drug offense" to include a state crime for "manufacturing, distributing, or possessing with intent to distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Defendant John Ervin Titley pled guilty to being a felon in possession under § 922(g). The district court based Mr. Titley's 15-year ACCA sentence on his previous three state felony convictions. Mr. Titley agrees his conviction for armed robbery in Missouri qualifies as a "violent felony" under the ACCA. Although his convictions for possession of marijuana with intent to distribute in Arkansas and unlawful possession of marijuana with intent to distribute in Oklahoma otherwise qualify for the ACCA enhancement, he argues these crimes should not count because they would not be "serious drug offense[s]" had he committed them in 19 other states or the District of Columbia.

At his sentencing, Mr. Titley argued the ACCA's partial reliance on state law in § 924(e)(2)(A) to define a "serious drug offense" violates Fifth Amendment equal protection.[1]  The district court rejected this argument.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and reviewing the issue de novo, *see United States v. Phelps*, 17 F.3d 1334, 1337 (10th Cir. 1994), we affirm.[2]

## II.  **DISCUSSION**

### A.  *Rational Basis Review*

The parties agree we should apply rational basis review to the equal protection claim.[3]  We therefore address whether the challenged ACCA provision is rationally

---

[1] The Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause provide generally the same equal protection to individuals against federal and state government interference, respectively.  *See Bolling v. Sharpe,* 347 U.S. 497, 499 (1954); *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 225 (1995); *Buckley v. Valeo,* 424 U.S. 1, 93 (1976); *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n.2 (1975).

[2] Neither party clearly analyzes whether the alleged discrimination arises from disparate treatment (i.e., does the ACCA by its terms treat individuals differently based on a particular characteristic?), or disparate impact (i.e., does the ACCA adversely affect a particular group even though it is non-discriminatory on its face?).  Because the parties agree rational basis is the proper standard of review, we need not answer this question.

[3] Mr. Titley has not argued in the district court or this court for heightened equal protection scrutiny based on a suspect classification or a fundamental right.  His counsel reiterated at oral argument that rational basis review applies.

We note the Supreme Court, addressing an equal protection challenge to a sentencing scheme, said that, following a conviction, a defendant is not entitled to heightened scrutiny based on a liberty interest and that rational basis is the proper standard of review.  *See Chapman v. United States*, 500 U.S. 453, 465 (1991).  Our cases also support rational basis review of equal protection challenges in the sentencing context.  *See United States v. McKissick*, 204 F.3d 1282, 1301 (10th Cir. 2000); *Phelps*, 17 F.3d at 1343-44.

related to a legitimate government purpose.  *See Hodel v. Indiana*, 452 U.S. 314, 331 (1981); *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976).

Under rational basis review, the law in question "is accorded a strong presumption of validity." *Heller v. Doe*, 509 U.S. 312, 319 (1993). We must deny the challenge "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* (citations omitted).  "The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective." *McGowan v. Maryland*, 366 U.S. 420, 425 (1961).  "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Heller*, 509 U.S. at 320.

## B. *Legitimate Government Purpose*

The ACCA's purpose is to incapacitate repeat offenders who possess a firearm in violation of § 922(g) and to deter others from criminal conduct that could lead to an ACCA sentence.  *See Taylor v. United States*, 495 U.S. 575, 581, 587-88 (1990).  The Supreme Court recognized this purpose in a case about the ACCA provision at issue here—§ 924(e)(2)(A)—defining "serious drug offense" under state law.  *United States v. Rodriquez*, 553 U.S. 377, 385 (2008).  Mr. Titley has not challenged the legitimacy of this purpose.

## C. *Rational Relationship*

We focus on whether the means Congress chose to determine whether a state drug offense counts toward an ACCA sentence are rationally related to achieve the ACCA's purpose.

### 1. **Means to Achieve Purpose**

The first step is to identify the means, which are the two criteria in the statute. First, the state conviction must be for drug manufacturing or distribution— "manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance." 18 U.S.C. § 924(e)(2)(A). A simple drug possession offense does not qualify. Second, the maximum prison sentence for the offense must be at least ten years. *See id.* If a state drug offense meets these criteria, it qualifies as a "serious drug offense" under the ACCA.[4]

### 2. **Rational Relationship between Means and Purpose**

The next step is to determine whether these means are rationally related to incapacitating and deterring repeat offenders. By limiting the definition of "serious drug offense" to manufacturing and distribution drug crimes, Congress restricted ACCA sentences to defendants previously convicted of more serious offenses than simple drug possession. By further limiting "serious drug offense" to crimes imposing a maximum prison sentence of at least ten years, Congress ensured that only felony drug

---

[4] These criteria belie Mr. Titley's contention that "serious drug offense" in § 924(e)(2)(A) is based "purely" on geography. *See* Aplt. Br. at 7, 13.

manufacturing and distribution offenses with potentially lengthy sentences would qualify. Congress appears to have chosen means that are rationally related to incapacitating and deterring habitual criminals.

a. *Precedent*

The Supreme Court has said as much: "Congress presumably thought—*not without reason*—that if state lawmakers provide that a crime is punishable by 10 years' imprisonment, the lawmakers must regard the crime as 'serious,' and Congress chose to defer to the state lawmakers' judgment." *Rodriquez*, 553 U.S. at 388 (emphasis added).

Our decision in *United States v. Phelps*, 17 F.3d 1334 (10th Cir. 1994), further supports a rational basis for § 924(e)(2)(A). Mr. Phelps received an ACCA sentence based on three state convictions meeting the ACCA's definition of "violent felony." *See* 18 U.S.C. § 924(e)(2)(B). He pointed to the ACCA provision exempting from "violent felony" status those crimes "for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 921(a)(20). He argued this exemption discriminated against him and others convicted of a § 922(g) offense who had committed their ACCA-qualifying violent felonies in states without restoration statutes. We applied rational basis review and rejected his equal protection challenge.

We also find support for a rational basis here from our decision in *United States v. McKissick*, 204 F.3d 1282 (10th Cir. 2000), a prosecution of defendants McKissick and Zeigler for drug and gun offenses. When the latter was 17 years old, he was charged in Oklahoma state court as an adult and convicted of two drug offenses. The district court

-6-

in *McKissick* relied on these two prior Oklahoma drug convictions to add three criminal history points each under U.S.S.G. § 4A1.2(d)[5] and to enhance Mr. Zeigler's sentence to life imprisonment under 21 U.S.C. § 841(b)(1)(A).[6]  He claimed this violated equal protection, arguing "he was treated differently than similarly situated persons because" states differ as to what age and what crimes persons under 18 can be prosecuted as adults. *Id.* at 1301.

Relying on *Chapman*, 500 U.S. at 465, *see supra* note 3, we denied this challenge under the rational basis standard.  204 F.3d at 1300-01.  We noted that "Congress intentionally left certain aspects of the § 841 enhancements to be triggered by the laws of the states," and recognized that "[a]lthough States have different criteria for determining when a juvenile can be charged as an adult, this does not render the sentencing scheme irrational any more than does relying on the states' various definitions of felonies."  *Id*. at 1301.[7]

---

[5] This sentencing guideline, in conjunction with U.S.S.G. § 4A1.1(a)  requires three criminal history points be added for each prior sentence of imprisonment exceeding thirteen months "if the defendant committed the prior offense prior to the age of eighteen and 'the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month.'"  *McKissick*, 204 F.3d at 1300 (quoting U.S.S.G. § 4A1.2(d)).

[6] For drug trafficking cases involving fifty grams or more of cocaine base, this statute "calls for a mandatory life sentence if the defendant committed the instant offense 'after two or more prior convictions for a felony drug offense have become final.'"  *McKissick*, 204 F.3d at 1300 (quoting 21 U.S.C. § 841(b)(1)(A)).

[7] In *United States v. Lender*, 985 F.2d 151(4th Cir. 1993), the Fourth Circuit rejected an equal protection challenge to the ACCA's 18 U.S.C. § 924(e)(2)(B), which

In both *Phelps* and *McKissick*, defendants challenged their sentences on equal protection grounds because the sentencing statutes—18 U.S.C. § 924(e)(2)(B) and 21 U.S.C. § 841(b)(1)(A), respectively—rely on state law to define predicate offenses that qualify to enhance a defendant's federal sentence. We applied rational basis review to deny the challenge in both instances, and we do so again here.[8]

b. *Rational basis analysis*

Mr. Titley has not met his burden to show Congress lacked a rational basis for § 924(e)(2)(A). *See Heller*, 509 U.S. at 319. He argues that, because state legislatures have not enacted identical drug offense laws, criminal conduct that may qualify as a "serious drug offense" in one state may not qualify in another. In other words, Mr. Titley contends § 924(e)(2)(A) violates equal protection because it does not apply uniformly to similarly situated defendants previously convicted of drug offenses in different states. He

---

defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year." The *Lender* court said Congress intended this provision to incorporate state law in determining whether offenses committed while the defendant was a juvenile are to be considered predicate offenses under the Act. *See* 985 F.2d 151, 156 n.\*. In *McKissick*, 204 F.3d at 1301, we quoted *Lender*: "It is not irrational for Congress to defer to state law with regard to the characteristics of a prior offense, and doing so is no more intentionally arbitrary than our system of federalism itself." *Lender*, 985 F.2d at 156 n.\*.

[8] Other circuits have rejected similar equal protection challenges to federal sentencing provisions that depend at least in part on state criminal law to determine a defendant's sentence in a federal case. *E.g.*, *United States v. Fink*, 499 F.3d 81, 87 (1st Cir. 2007) (challenge to 21 U.S.C. § 841(b)(1)(B)); *United States v. Inglesi*, 988 F.2d 500, 502-03 (4th Cir. 1993) (U.S.S.G. § 4A1.2(d)); *United States v. Fair*, 194 F. App'x 148, 151-52 (4th Cir. 2006) (U.S.S.G. § 4B1.1); *United States v. Stokes*, 351 F. App'x 115, 116-17 (7th Cir. 2009) (21 U.S.C.§ 841(b)(1)(A)).

points out his ACCA sentence rests on two state drug convictions that would not qualify had the offenses been committed in 19 other states or the District of Columbia. This disparity, he argues, shows § 924(e)(2)(A) lacks a rational basis.

But rational basis review does not require uniformity. *See Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976); *Schanzenbach v. Town of Opal, Wyo.,* 706 F.3d 1269, 1276 (10th Cir. 2013) ("[T]here need not be a perfect fit between purpose and achievement for a law to pass constitutional muster."). Although states can and do vary as to whether certain drug manufacturing or distribution activity is a crime carrying a maximum sentence of at least ten years, Congress needs only a rational basis to rely on state convictions for a federal sentence enhancement. If state lawmakers prescribe a sentence of at least a ten-year maximum for a manufacturing or distribution drug offense, it is rational for Congress to include such a prior offense as one that qualifies for an ACCA sentence. Doing so contributes to the purpose of incapacitating repeat offenders who violate § 922(g) and deterring others from conduct that could lead to an ACCA sentence.[9]

---

[9] Mr. Titley's reliance on *Taylor v. United States*, 495 U.S. 575 (1990), is misplaced. In *Taylor*, the Supreme Court addressed when a state law burglary offense may be used to support an ACCA sentence. The Court held Congress intended a "uniform definition" for burglary "independent of the labels employed by the various States' criminal codes." *Id.* at 592. Mr. Titley argues this holding supports his equal protection argument for a uniform definition of "serious drug offense" to avoid disparities among state laws. We disagree. First, *Taylor* concerned 18 U.S.C. § 924(e)(2)(B)(ii), which, unlike § 924(e)(2)(A), specified burglary as a predicate offense in only general terms. Second, Mr. Taylor did not allege an equal protection violation, and the Court did not consider one. Third, the *Taylor* Court said, apart from burglary, the ACCA

# III. **CONCLUSION**

As noted above, by limiting "serious drug offense" under state law to manufacturing and distribution crimes and by including only those offenses carrying at least a ten-year maximum sentence, Congress acted rationally. A state crime meeting these criteria as a qualifying offense for ACCA sentencing enhancement serves the legitimate government purpose of incapacitating repeat offenders who have been convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) and deterring others from committing ACCA predicate crimes and a § 922(g) offense.

We conclude 18 U.S.C. § 924(e)(2)(A) does not violate equal protection under the Fifth Amendment and affirm Mr. Titley's sentence as based on the requisite three qualifying offenses under the ACCA.

---

"generally requires the trial court to look only to the fact of conviction" by examining the state's "statutory definition of the prior offense." *Id.* at 602. Fourth, in *United States v. Rodriquez*, 553 U.S. 377 (2008), the Supreme Court rejected petitioner's *Taylor* argument that his state law drug offenses should not qualify for an ACCA sentence. The Court distinguished *Taylor* because "'burglary' for purposes of ACCA does not depend on the label attached by the law of a particular State," whereas "serious drug offense" "necessarily depends on state law." *Id.* at 387.

Mr. Titley's reliance on *Lopez v. Gonzales*, 549 U.S. 47 (2006), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), is similarly misplaced. In *Lopez*, the Court addressed whether the Immigration and Nationality Act ("INA") should look to state or federal law to determine whether an offense qualified as an "aggravated felony." 549 U.S. at 57. The Court explained that although Congress could have explicitly relied on state law to classify crimes as aggravated felonies, it did not; therefore, the INA's definition of aggravated felonies must rely on federal law. *Id.* at 5. *Lopez* is distinguishable from our case because, unlike the INA, the ACCA specifically defines "serious drug offense" by relying, in part, on state law. *See* 18 U.S.C. § 924(e)(2)(A)(ii). *Moncrieffe* is distinguishable for the same reason. *See* 133 S. Ct. at 1692-93.