**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1416
_____

PRIMALFI MORALES-FROMETA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-198-621)
Immigration Judge:  John B. Carle

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 5, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: May 5, 2020)
_____

OPINION*
_____

PER CURIAM

    Primalfi Morales-Frometa, a native and citizen of the Dominican Republic,

entered the United States in 2007 as a lawful permanent resident.  In 2017, he pleaded

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

guilty in Pennsylvania to violating 35 Pa. Cons. Stat. § 780-113(a)(30), related to the manufacture, delivery, or possession with intent to deliver a controlled substance. Morales-Frometa was sentenced to six to 23 months in prison. He was later charged with being removable under 8 U.S.C. § 1227(a)(2)(B)(i) and § 1227(a)(2)(A)(iii), as an alien who, after admission, was convicted of (1) a controlled substance violation and (2) the aggravated felony of illicit trafficking of a controlled substance.

At an initial hearing before the Immigration Judge ("IJ"), the IJ sustained both charges of removability. Morales-Frometa filed applications for asylum and for withholding of removal, and expressed his intent to file an application for cancellation of removal. However, after the grant of three continuances and the IJ's denial of his fourth motion to continue his individual merits hearing, Morales-Frometa moved through counsel to withdraw his applications for asylum and withholding of removal, and opted not to file an application for cancellation of removal. The IJ subsequently sustained the charges of removability, granted Morales-Frometa's motion to withdraw his applications for relief, and ordered him removed to the Dominican Republic. See Certified Administrative Record ("A.R.") at 122-126. The IJ concluded that Morales-Frometa's conviction for violating 35 Pa. Cons. Stat. § 780-113(a)(30), qualified as an aggravated felony drug trafficking offense. See 8 U.S.C. § 1101(a)(43)(B). In his analysis, the IJ determined that Morales-Frometa's state conviction would constitute an aggravated felony under either the "illicit trafficking" approach or the "hypothetical federal felony" test.

The Board of Immigration Appeals ("BIA") dismissed Morales-Frometa's appeal. See A.R. at 2-3. It agreed with the IJ's conclusion that Morales-Frometa is subject to removal based on having been convicted for a drug trafficking aggravated felony as defined in § 1101(a)(43)(B). Additionally, given the fact that Morales-Frometa had not established that his conviction has been vacated, the BIA rejected any reliance he placed on his pending state court post-conviction relief petition based on the alleged ineffective assistance of his criminal defense attorney.

Morales-Frometa timely filed a pro se petition for review. He presents three main issues. First, he argues that the BIA erred in the affirming the IJ's determination that he was subject to removal as an aggravated felon based on his conviction. Second, he asserts that the IJ violated his due process rights by denying him a further continuance. Lastly, he contends that the BIA erred by failing to sua sponte consider that his immigration attorney rendered ineffective assistance.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of removal. While generally we lack jurisdiction over a petition for review if the alien is removable due to an aggravated felony conviction, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We exercise plenary review over Morales-Frometa's legal argument that he was not convicted of an aggravated felony. See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007). When, as here, the BIA adopts parts of the IJ's opinion, our review encompasses both decisions. See Guzman v. Att'y Gen., 770 F.3d 1077, 1082 (3d Cir. 2014).

3

An aggravated felony includes "illicit trafficking in a controlled substance . . . including a drug trafficking crime" as defined in 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). An offense under state law qualifies as a "drug trafficking crime" under § 924(c) if it corresponds categorically to an offense that the federal Controlled Substances Act ("CSA") makes punishable by more than one year of imprisonment. Moncrieffe v. Holder, 569 U.S. 184, 188 (2013). This hypothetical federal felony test compares the offense of conviction to the CSA to determine if it is analogous to an offense under the CSA. Id. at 190. However, if the state statute is not a categorical match to the federal offense, the modified categorical approach is used "to determine which of the alternative elements was the actual basis for the underlying conviction." Evanson v. Att'y Gen., 550 F.3d 284, 291 (3d Cir. 2008). The modified categorical approach permits review of "the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." Moncrieffe, 569 U.S. at 191 (internal quotation marks omitted).

Section 780-113(a)(30), the statute under which Morales-Frometa was convicted, includes three distinct offenses: manufacture, delivery, and possession with the intent to manufacture or deliver a controlled substance. We have previously held that § 780-113(a)(30) is divisible "with regard to both the conduct and the controlled substances to which it applies." Avila v. Att'y Gen., 826 F.3d 662, 666 (3d Cir. 2016) (citing United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014)); see also United States v. Henderson, 841 F.3d 623, 629 (3d Cir. 2016) (reaffirming divisibility of subsection (a)(30) after

4

<u>Mathis v. United States</u>, 136 S. Ct. 2243, 2249 (2016)). Accordingly, the IJ correctly used the modified categorical approach to determine which particular offense Morales-Frometa admitted to having committed. <u>See</u> <u>Avila</u>, 826 F.3d at 666. Having reviewed his conviction records, the IJ concluded that Morales-Frometa pleaded guilty to "possession with the intent to deliver" heroin, a Schedule 1 controlled substance, <u>see</u> A.R. at 123, and the BIA affirmed "[f]or the reasons set out in the Immigration Judge's decision." <u>Id.</u> at 2.[1]

Initially, we note that it is not entirely clear from a review of the record whether Morales-Frometa pleaded guilty to possession with intent to deliver heroin or to delivery of heroin.[2] If Morales-Frometa was convicted of possession with intent to deliver heroin, as the BIA concluded, the conviction plainly satisfies the hypothetical federal felony test. As we noted in <u>Avila</u>, "[a] Pennsylvania felony conviction of possession of a controlled substance with intent to deliver is analogous to 21 U.S.C. § 841(a)(1) of the Controlled

---

[1] The BIA actually referred to Morales-Frometa's conviction as being for "possession with intent to deliver cocaine." <u>Id.</u> at 2. However, the record unambiguously reflects that Morales-Frometa's crime involved heroin. We agree with respondent's suggestion that the BIA's error, while certainly unfortunate, appears to be little more than a scrivener's error.

[2] Morales-Frometa's plea colloquy indicates that he pleaded guilty to "PWID." (Though not defined in the plea colloquy, this refers to an acronym for "possession with intent to deliver," included in the statutory language.) <u>See</u> A.R. at 710. Similarly, in his brief on appeal from the IJ's decision, Morales-Frometa states that he "was convicted of P.W.I.D. . . . under . . . Section 780-113(a)(30) stated as possession with intent of distribution of a controlled substance." <u>Id.</u> at 14. In contrast, the criminal information, under Count 1 (to which Morales-Frometa pleaded guilty), states: "[t]he Actor . . . knowingly manufactured, delivered, or possessed with intent to deliver a controlled substance, namely, Delivered Heroin, a schedule 1 controlled substance." <u>Id.</u> at 700.

5

Substances Act." 826 F.3d at 667. Further, since Morales-Frometa does not dispute that the substance involved was heroin, the offense is a felony. See id. at 667–68.

If Morales-Frometa was convicted of delivery of heroin, his conviction also satisfies the hypothetical federal felony test. By the same logic mentioned above, a Pennsylvania felony conviction of delivery of a controlled substance is analogous to § 841(a)(1), as § 841(a)(1) proscribes, inter alia, the distribution of a controlled substance.[3] See Avila, 826 F.3d at 667-68; see generally United States v. Glass, 904 F.3d 319, 323 (3d Cir. 2018). Moreover, we find no merit to Morales-Frometa's contention that the term "delivery" in § 780-113(a)(30) sweeps more broadly than its federal analog. See Glass, 904 F.3d at 322-24. Thus, even if the BIA should have treated Morales-Frometa's conviction as involving delivery of heroin rather than possession with intent to deliver heroin, we conclude that the error was harmless. See Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (an error is harmless if it is "highly probable" that it did not affect the outcome of the case). Accordingly, Morales-Frometa's conviction constitutes an aggravated felony drug trafficking offense and the BIA correctly determined that he was removable.[4]

Given Morales-Frometa's aggravated felony conviction, our jurisdiction is limited

[3] Contrary to Morales-Frometa's intimation, the quantity of heroin does not affect this analysis since the analogous federal statute does not contain an exception for a conviction involving a small quantity of heroin. See Avila, 826 F.3d at 667 n.3.

[4] Though the IJ concluded that Morales-Frometa's Pennsylvania conviction constitutes an aggravated felony under either the illicit trafficking approach or the hypothetical federal felony test, because it is clear that the state conviction constitutes an aggravated felony under the hypothetical federal felony test, it is not necessary to determine whether it satisfies the illicit trafficking approach as well. See Avila, 826 F.3d at 667.

by § 1252(a)(2)(D) to other colorable constitutional claims or questions of law. We conclude that no such issues have been presented. Morales-Frometa's attempt to advance an equal protection claim by asserting that the violation of a similar law in Delaware or New Jersey would not constitute an aggravated felony is unavailing. Even assuming such disparity, respondent correctly contends that courts have repeatedly recognized that equal protection does not require uniformity. See, e.g., United States v. Titley, 770 F.3d 1357, 1362 (10th Cir. 2014) (rejecting contention that Armed Career Criminal Act designation violated principles of equal protection because predicates would not have qualified as "serious drug offenses" had criminal defendant committed them in 19 other states or the District of Columbia); United States v. Fink, 499 F.3d 81, 87 (1st Cir. 2007) (rejecting claim that 21 U.S.C. § 841(b)(1)(B)'s reliance on state law violates equal protection because it results in disparity "among similarly-situated criminal defendants depending on the states in which they accrued their criminal histories"); United States v. Oaks, 11 F.3d 897, 899 (9th Cir. 1993) (quoting United States v. Kinsey, 843 F.2d 383, 393-94 (9th Cir. 1988) ("[A] 'wide disparity' between sentencing schemes of different jurisdictions does not violate equal protection, even where two persons who commit the same crime are subject to different sentences.")).

Although Morales-Frometa also argues in his opening brief that the IJ erred in denying him a further continuance, this Court lacks jurisdiction to consider such an argument because he failed to exhaust it administratively. See 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) ("To exhaust a claim before the agency, an applicant must first raise the issue before the BIA or IJ, so as to give it the

opportunity to resolve a controversy or correct its own errors before judicial intervention.") (quotation and internal citation omitted). Moreover, we would lack jurisdiction to review this claim in any event. Although a denial of a continuance could, in certain circumstances, violate due process, cf. Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), Morales-Frometa's claim is not colorable and falls outside the scope of our jurisdiction. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). While Morales-Frometa attempts to characterize the claim as a denial of due process, the true nature of his objection is to the way the IJ exercised his discretion. See Jarbough v. Att'y Gen., 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction under [§ 1252(a)(2)(D)]."); see also Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010) (holding that criminal alien's argument that "the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider."). In this connection, we note that Morales-Frometa's conviction remains final for immigration purposes despite the pendency of any collateral attack. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Morales-Frometa's contention that the BIA erred by failing to consider whether his immigration attorney rendered ineffective assistance fares no better. Morales-Frometa raised no such claim before the agency, and his assertion that the BIA should have nonetheless considered the issue sua sponte is lacking in any support. Contrary to Morales-Frometa's suggestion, his status as a pro se litigant does not excuse his

8

obligation to exhaust a claim he wishes to pursue in this Court. Thus, we are without jurisdiction to consider this claim.

For the foregoing reasons, we will deny the petition for review in part and dismiss it in part.[5]

---

[5] Morales-Frometa's motion to "clarify and terminate the proceedings" is denied.