**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11526
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

NIKEQUIS LACHRISTOPHER GREEN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00125-JB-N-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nikequis LaChristopher Green pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Green's guilty plea came on the heels of three prior convictions for two violent felonies and one serious drug offense: Green was previously convicted in Alabama of two domestic-violence offenses and one marijuana-possession offense. So in accordance with the Armed Career Criminal Act ("ACCA"), the district court enhanced Green's sentence, *see* 18 U.S.C. § 924(e), and ordered him to serve fifteen years in federal prison.

In the district court, Green objected to the imposition of § 924(e)'s sentencing enhancement on the grounds that it violates the equal-protection principle inherent in the Fifth Amendment's guarantee of "due process of law." U.S. CONST. amend. V. Specifically, he argued § 924(e) irrationally treats his state marijuana-possession offense as a "serious drug offense" (because it has a maximum sentence of ten years) while not considering the materially indistinguishable federal marijuana-possession offense to be a "serious drug offense" (because it has a maximum sentence of fewer than ten years). Had the federal government, and not Alabama, convicted him of possessing marijuana, he points out, § 924(e)'s enhancement would not apply. In other words, Green complains he will serve a longer sentence merely because Alabama, and not the United States, convicted him of possessing marijuana with the intent to distribute. And he concludes there's no rational basis for

imposing a greater sentence merely because one sovereign, as opposed to another, prosecuted Green's crime.

The district court rejected Green's objection. We agree with the district court. Congress has a rational basis for treating similar drug crimes differently based on their state or federal character. Congress, through § 924(e), heightened sentences to punish offenders who repeatedly commit particularly condemnable acts, like "serious drug offense[s]," and to deter people from committing such acts in the future. When Congress affixes the maximum punishment for a sentence, it must consider how serious the crime is with respect to the entire country.

But when states affix the maximum punishment, they must consider how serious the crime is with respect to local nuances within their respective jurisdictions. For example, State A may impose higher penalties than State B does for an identical drug crime because State A suffers from especially prevalent drug-trafficking issues, organized crime, or high rates of addiction. Or just the opposite: a drug crime in State A may be comparatively more serious, and warrant a stronger penalty, than an identical drug crime in State B because drug crimes in State B may on average involve significantly higher amounts of prohibited drugs; State A may wish to heavily penalize comparatively minor drug crimes to prevent a market for illicit drugs from getting off the ground. Simply put, Congress can rely on state convictions to identify who it most needs to punish or most needs to deter. Or to put it another way, Congress may reasonably conclude that a state conviction suggests

the defendant is a more "serious" criminal worthy of greater punishment.

Because we can discern a rational basis for Congress to have enacted § 924(e), we affirm Green's sentence.

## I

On September 22, 2022, a Mobile police officer pulled Green over for a traffic stop after he failed to signal a turn. When the officer approached the vehicle and began speaking with Green, he noticed a rifle on the passenger-side floorboard. The officer asked whether Green had a permit for the rifle. Green responded that, although he did not have a permit, his girlfriend did. But Green was the only occupant in the vehicle. So the officer detained Green, ran his information through criminal-justice databases, noticed Green had been convicted of a felony domestic-violence charge, and then arrested Green for possessing a firearm as a prohibited person.

A federal grand jury in the Southern District of Alabama indicted Green for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Later, the grand jury returned a superseding indictment that also alleged § 924(e)'s sentencing enhancement. At the time he was arrested for illegally possessing a firearm, Green had previously been convicted in different cases of possession of marijuana in the first degree, attempted domestic violence in the second degree, and domestic violence in the second degree.

Green's prior convictions made him eligible for a sentencing enhancement under 18 U.S.C. § 924(e), which sets its mandatory

minimum sentence at fifteen years.  That Section applies to individuals who violate § 922(g) and have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* § 924(e)(1).

A "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" and that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id.* § 924(e)(2)(B)(i).  So it covers Green's domestic-violence offenses.

And a "serious drug offense" includes "an offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).  So it covers Green's marijuana-possession offense, *United States v. White*, 837 F.3d 1225, 1230–32 (11th Cir. 2016): he was convicted of possessing "marihuana for other than personal use" (that is, with the intent to manufacture or distribute), ALA. CODE §13A-12-213(a)(1), a crime for which he could have been imprisoned for up to ten years, *id.* §§ 13A-12-213(b); 13A-5-6(a)(3).

Green pled guilty to the felon-in-possession charge but disputed the application of § 924(e)'s sentencing enhancement.  He argued that the district court could not constitutionally apply § 924(e) to him.  To apply § 924(e) in his case, Green argued, would not afford him equal protection of the laws because the federal crime for possessing marijuana with intent to distribute is not a

"serious drug offense." Instead, the maximum penalty for possession of less than fifty kilograms of marijuana with intent to distribute,[1] *see* 21 U.S.C. § 841(a)(1), is five years, *see id.* § 841(b)(1)(D). And, Green pressed, the federal government has no rational basis for applying § 924(e) solely because Alabama, rather than the federal government, procured his previous conviction.

The district court rejected Green's equal-protection argument, assessing that Congress needs, and has, a rational basis for using state-level convictions to punish and deter the most serious recidivist offenders. It noted that, on Green's logic, any defendant could dispute the application of numerous federal laws merely because they apply inconsistently. But that dispute, the district court explained, was a question of policy, not constitutional law. So it sentenced Green to the mandatory minimum of fifteen years' imprisonment.

The district court then entered final judgment, and Green timely appealed.

---

[1] Alabama did not appear to prosecute Green for possessing fifty kilograms or more of marijuana. Under Alabama law, a person is guilty of trafficking marijuana—not merely possessing it with intent to distribute, the crime for which the State prosecuted Green—if that person "is knowingly in . . . possession of, in excess of one kilo or 2.2 pounds of" marijuana. ALA. CODE § 13A-12-231(1). So 21 U.S.C. § 841(b)(1)(D) seems the most relevant federal analogue to Green's Alabama crime. But the parties do not dispute this issue on appeal.

## II

We review the constitutionality of a sentence de novo. *United States v. Deshazior*, 882 F.3d 1352, 1354–55 (11th Cir. 2018).

## III

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Unlike the Fourteenth Amendment, the Fifth Amendment "contains no express equal-protection clause." *United States v. Johnson*, 981 F.3d 1171, 1191 (11th Cir. 2020). Still, its "guarantee of due process under the law embodies within it the concept of equal justice under the law." *Id.* (citing *Hampton v. Mow Sun Wong*, 426 U.S. 88, 100 (1976)); *accord Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). As a result, "in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses." *Barbier v. Connolly*, 113 U.S. 27, 31 (1884).

At the same time, though, the Constitution's guarantee of equal protection of the laws "must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996). So "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Id.* And in assessing whether Congress had such a rational basis for passing the challenged law, "we must assume that, if a state of facts could exist that would justify such legislation, it

actually did exist when" Congress passed the challenged law. *Munn v. Illinois*, 94 U.S. 113, 132 (1876); *accord Williamson v. Lee Optical of Ok. Inc.*, 348 U.S. 483, 487–90 (1955); *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Only if "no state of circumstances could exist to justify" the statute at issue "may [we] declare" it "void." *Munn*, 94 U.S. at 132.

Facially, there's no reasonable dispute that Congress had a rational basis for enacting § 924(e). Congress enacted the Armed Career Criminal Act "to single out 'offenses of a certain level of seriousness that involve violence or an inherent risk thereof, and that are likely to be committed by career offenders.'" *Brown v. United States*, 602 U.S. 101, 113 (2024) (quoting *Taylor v. United States*, 495 U.S. 575, 590 (1990)). And because Congress rationally concluded that "defendants who have repeatedly committed ACCA predicate offenses are 'especially likely to inflict grave harm when in possession of a firearm,'" it reasonably imposed "a higher punishment when they do so." *Id.* (quoting *Wooden v. United States*, 595 U.S. 360, 375 (2022)); *United States v. Rodriquez*, 553 U.S. 377, 385 (2008) ("[A] second or subsequent offense is often regarded as more serious because it portends greater future danger and therefore warrants an increased sentence for purposes of deterrence and incapacitation.").

But that conclusion does not fully resolve the dispute because Green challenges § 924(e) as applied to him. Specifically, he argues applying § 924(e) to him will impose a "higher punishment" for his state marijuana-possession conviction than "is prescribed to"

the "like" federal "offense" of marijuana possession. *Barbier*, 113 U.S. at 31. So we must decide whether we can "conceive[]" a "reason" why, *Beach Commc'ns*, 508 U.S. at 315, the federal marijuana-possession offense is not "like" the Alabama offense of which Green was convicted, *Barbier*, 113 U.S. at 31.

We can. The same misconduct may be more serious in a particular state than it is across the country. State A may suffer from particularly troublesome drug-trafficking rings, organized crime, or rates of drug addiction. In turn, State A may reasonably affix greater punishments to certain drug offenses to stamp out harms to its citizens. At the same time, other states may not suffer from these same problems to the same degree (or at all). And Congress, which must consider the entire country when prescribing maximum sentences, may not view identical misconduct as seriously as State A does. But Congress's judgment about a crime's seriousness across the country does not make State A's judgment about the seriousness of the same crime in its jurisdiction faulty; each decision is based on different facts and considerations.

As a result, when Congress enacted § 924(e) to target "offenses of a certain level of seriousness that involve violence or an inherent risk thereof," *Taylor*, 495 U.S. at 590, it reasonably relied on states' more particularized judgment about the seriousness of a criminal's prior offense. Congress "presumably thought—not without reason—that if state lawmakers provide that a crime is punishable by 10 years' imprisonment, the lawmakers must regard the crime as 'serious.'" *Rodriquez*, 553 U.S. at 388. Congress

reasonably "chose to defer to the state lawmakers' judgment" in that respect. *Id.*; *see also United States v. Lender*, 985 F.2d 151, 156 n.⋆ (4th Cir. 1993) ("It is not irrational for Congress to defer to state law with regard to the characteristics of a prior offense, and doing so is no more intentionally arbitrary than our system of federalism itself.").

Our sister circuits have reached the same conclusion after assessing similar arguments. For example, the Tenth Circuit rejected an argument that § 924(e) violates the equal-protection principle "because it does not apply uniformly to similarly situated defendants previously convicted of drug offenses in different states." *United States v. Titley*, 770 F.3d 1357, 1362 (10th Cir. 2014). There, the defendant's sentence rested "on two state drug convictions that would not [have] qualif[ied] [under ACCA] had the offenses been committed in 19 other states or the District of Columbia." *Id.* But the court upheld the sentence. It concluded Congress could rationally rely on states' judgment that a particular crime is serious within their jurisdictions. *See id.* Other courts of appeals have offered similar reasons for rejecting challenges like the one Green now presents. *See, e.g.*, *United States v. Fink*, 499 F.3d 81, 87 (1st Cir. 2007); *United States v. Millsaps*, 157 F.3d 989, 996–97 (5th Cir. 1998); *United States v. Maynie*, 257 F.3d 908, 919 n.5 (8th Cir. 2001).

At bottom, we can conceive of a rational basis Congress may have had for treating an Alabama conviction for the possession of marijuana with the intent to distribute "[un]like" a federal conviction for possession of marijuana with an intent to distribute.

24-11526                  Opinion of the Court                  11

*Barbier*, 113 U.S. at 31.  So we must reject Green's equal-protection argument.

### IV

For these reasons, we affirm Green's sentence.

**AFFIRMED.**