**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHESTER L. BIRD,

        Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
MICHAEL PACHECO, Wyoming
Department of Corrections State
Penitentiary Warden,

        Respondents - Appellees.

No. 19-8035
(D.C. No. 2:16-CV-00320-NDF)
(D. Wyoming)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **McHUGH, KELLY,** and **MORITZ**, Circuit Judges.

Mr. Chester Bird, proceeding pro se,[1] seeks a certificate of appealability ("COA")

to appeal the district court's denial of his Rule 60(b) motion. We deny a COA and

dismiss his appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Bird is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I.   BACKGROUND

Mr. Bird is serving two concurrent life sentences in a Wyoming state prison for rape and kidnapping. Due to his life sentences, Mr. Bird is not eligible for parole. *See* Wyo. Stat. § 7-13-402(a). Despite his ineligibility, Wyoming law requires that ten percent of his prison-work income be placed in a personal savings account until the account balance reaches $1,000. *Id.* § 7-16-205(a)(i). The balance of the mandatory savings accounts is distributed "to the prisoner upon parole or final discharge." *Id.*

In 2015, Mr. Bird sued "the Wyoming Board of Parole . . . and the Wyoming Department of Corrections" in Wyoming state court. *Bird v. Wyoming Bd. of Parole*, 382 P.3d 56, 60 (Wyo. 2016). Relevant here, Mr. Bird claimed the Wyoming statutes violated his right to equal protection under the Fourteenth Amendment because the statutes exempted other non-parole eligible prisoners—those serving death sentences or sentences of life without parole—for the personal savings account requirement and thus treated similarly situated prisoners differently. *See id.* at 60–63. The Wyoming Supreme Court rejected that argument, concluding there was a rational basis for the distinction between excepted and non-excepted prisoners. *Id.* at 63. The court reasoned that the prisoners serving a life sentence, unlike the prisoners sentenced to death or life without parole, are eligible to have their sentences commuted at the discretion of the governor and that the governor considers commutation requests "upon the recommendation of the [Wyoming Board of Parole]." *Id.* Thus, the court explained, the personal savings account requirement provided an "incentive to prisoners for good behavior" which "enhance[s] the possibility of leaving the prison system before the end of their lives." *Id.*

2

Mr. Bird then filed a habeas petition under 28 U.S.C. § 2241, again challenging the Wyoming statutes as a violation of his equal protection rights. The district court denied his petition and we denied him a COA on appeal, concluding: "We see no equal-protection violation in Wyoming's decision . . . . No reasonable jurist could debate otherwise." *Bird v. Wyoming Attorney Gen.*, 712 F. App'x 742, 745 (10th Cir. 2017), *cert. denied sub nom. Bird v. Pacheco*, 138 S. Ct. 746 (2018).

Dissatisfied with our decision, Mr. Bird filed a motion under Rule 60(b)(6), asking the district court to set aside its order due to "extraordinary circumstances." ROA, Vol. II at 3. In particular, he argued that a subsequent opinion from the Wyoming Supreme Court— *Davis v. State*, 415 P.3d 666 (Wyo. 2018)—"directly impeaches [the court's] view on a point of law in deciding [Mr.] Bird's parole eligibility equal protection claim." *Id.* at 4. The district court denied Mr. Bird's motion. It concluded that there were "no exceptional circumstances justifying relief in this case" because "nothing in *Davis* changed the previous analysis on [Mr.] Bird's claim related to either the mandatory savings account or his ineligibility for parole." *Id.* at 12–13. The district court subsequently denied Mr. Bird a COA.

Mr. Bird timely appealed, and we once again consider whether he is entitled to a COA.

## II. ANALYSIS

Before reaching the merits of Mr. Bird's appeal, we must first address the threshold question of our own jurisdiction. Because the district court denied a COA, we lack jurisdiction over Mr. Bird's appeal unless we issue a COA of our own. *See* 28

3

U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Dulworth v. Jones*, 496 F.3d 1133, 1135 (10th Cir. 2007) *abrogated on other grounds by Harbison v. Bell*, 556 U.S. 180 (2009) ("[A] state prisoner seeking to appeal the denial of habeas relief in a § 2241 proceeding must obtain a COA to appeal"). When, as here, "the district court denies a habeas petition on procedural grounds," the petitioner may obtain a COA by "show[ing], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Bird cannot make either showing.

Under Rule 60(b)(6), a court may relieve a movant from a final judgment or the effects of an order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). We review the district court's decision to grant or deny a Rule 60(b) motion for abuse of discretion. *Id.* at 1242–43. Thus, taking the relevant standards together, the question here is whether a jurist of reason would find it debatable that the district court abused its discretion when it concluded that the Wyoming Supreme Court's ruling in *Davis* did not constitute an exceptional circumstance justifying relief under Rule 60(b)(6). We answer that question in the negative.

As noted, Mr. Bird argues that *Davis* undermines the basis for the Wyoming Supreme Court decision in his case and that the district court abused its discretion when it failed to conclude that *Davis* constitutes an exceptional circumstance. Pet'r's Br. at 3–4.

4

In *Davis*, the Wyoming Supreme Court held "life without parole is," "more likely than not," "a disproportionate sentence" for juvenile defendants and that the trial court had "abused its discretion by weighing [the juvenile defendant's] youth as an aggravating instead of mitigating factor." 415 P.3d at 695–96. But Mr. Bird points to language in the opinion describing a sentence of life without parole as a "denial of hope" and as "mean[ing] that good behavior and character improvement are immaterial." ROA, Vol. II at 5 (quoting *Davis*, 415 P.3d at 693). Construing his arguments liberally, Mr. Bird is arguing the Wyoming Supreme Court changed the law in *Davis*, leaving the Wyoming statutory scheme without a rational basis.

Regardless of the merits of Mr. Bird's claim, our precedent forecloses relief on procedural grounds. We have already held that even where there has been a "change in the law or in the judicial view of an established rule of law," if that change "did not arise in a related case," the movant lacks the extraordinary circumstances necessary to justify relief. *Van Skiver*, 952 F.2d at 1245 (quotation marks omitted). This is precisely Mr. Bird's argument: In *Davis*, a case unrelated to his own, the Wyoming Supreme Court changed the law. Thus, it is beyond debate that the district court did not abuse its discretion.

### III.    CONCLUSION

For the reasons stated, we deny Mr. Bird a COA and dismiss his appeal.[2]

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[2] We also deny Mr. Bird's motion to proceed in forma pauperis.